In the Matter of the Claim of LEONORA SHEARER et al., Respondents, against THE NIAGARA FALLS POWER COMPANY, Appellant.

STATE INDUSTRIAL BOARD, Respondent.

Workmen's Compensation Law — master and servant — intoxication — trial — practice — material controverted questions in compensation cases should be disposed of by specific finding — burden on employer of showing that intoxication of employee was sole cause of injury — presumption in favor of employee — shift of burden to claimant — Board should make specific finding where question becomes material — if workman was drunk at place where if he fell he would probably be killed and if he fell owing to his drunkenness compensation should be denied.

1. The issues in compensation cases, although informally joined, should be disposed of by the State Industrial Board by a determination on all material controverted questions.

2. Where a structural ironworker of many years' experience, while walking a span fourteen inches wide, forty feet above the ground, fell and was killed, if the employer seeks to establish that intoxication was the sole cause of the accident the burden is upon him to offer substantial evidence from which reasonable persons would reasonably draw the inference that the employee was drunk at the time of the accident and that he fell owing to his drunkenness and was injured or

killed.   The duty of going on with the case then shifts to the claimant, the presumption in favor of the employee (Workmen's Compensation Law, § 21) has been overcome and the question of cause of injury is one for the Board to decide on all the evidence in the case.   The ultimate burden is on the employer to establish his defense.

3. The Board should make a specific finding whenever the question becomes material, and if it reaches the conclusion, on the evidence, that the workman was drunk at a place where if he fell he would probably be killed and that he fell owing to his drunkenness compensation should be denied.

*Shearer* v. *Niagara Falls Power Co.,* 213 App. Div. 844, reversed.

(Argued January 12, 1926; decided January 19, 1926.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the third judicial department, entered March 30, 1925, unanimously affirming an award of the State Industrial Board made under the Workmen's Compensation Law.

*Clarence R. Runals* for appellant.   The evidence that the accident resulting in the death of William A. Shearer was solely occasioned by his intoxication is undisputed. (*Minerly* v. *Kingsbury Construction Co.,* 191 App. Div. 618; *Matter of Hansen* v. *Turner Construction Co.,* 224 N. Y. 331; *Trouton* v. *Sheehy Ice Co.,* 187 App. Div. 818; *Minerly* v. *Kingsbury Construction Co.,* 119 App. Div. 618; *Matter of Belcher* v. *Carthage Machine Co.,* 224 N. Y. 326; *Matter of Lorchitsky* v. *Gotham Folding Box Co.,* 230 N. Y. 8.)

*Albert Ottinger, Attorney-General (E. C. Aiken* of counsel), for respondents.   There is a presumption that the injury did not result from the intoxication of the employee.   (*Sorge* v. *Aldebaram Co.,* 171 App. Div. 959; 218 N. Y. 636; *Burns* v. *Products Mfg. Co.,* 181 App. Div. 910; 223 N. Y. 684; *Richards* v. *New York Air Brake Co.,* 190 App. Div. 78.)

POUND, J.   The State Industrial Board has found, and the Appellate Division has unanimously affirmed the

decision, that " on June 8, 1923, while the said Wm. A. Shearer was engaged in the regular course of his employment, and while working for his employer, at his employer's plant at Buffalo Avenue Bridge, Niagara Falls, New York, where the same passes over the hydraulic canal, and while engaged in taking down a bridge thereat, and while up on said bridge on a girder, he lost his balance and in so doing he fell, and on his way down struck a scaffolding and then fell into the water, and he thereupon sustained injuries from which he died almost instantly; his death being the direct result of the injuries which he sustained on the 8th day of June, 1923."

This, with the further finding that the injuries arose out of and in the course of the employment would ordinarily sustain the conclusion of law that the claim comes within the provisions of the Workmen's Compensation Law (Cons. Laws, ch. 67). The issues in compensation cases, although informally joined, should, however, be disposed of by the Board by a determination on all material controverted questions.

Evidence was offered that Shearer was intoxicated at the time of the accident. The referee said that the evidence in the case proves without a question that he was intoxicated. He reported that intoxication was not the sole cause of the accident. The question of intoxication as the sole cause of injury was, therefore, material but the Board made no specific finding on the point.

New York Constitution (Art. 1, § 19) excepts from the general grant of power to the Legislature to pass workmen's compensation laws all cases " where the injury results solely from the intoxication of the injured employee while on duty." The Workmen's Compensation Law (§ 10) contains the same exception. It also provides (§ 21) that it shall be presumed in the absence of substantial evidence to the contrary " that the injury did not result solely from the intoxication of the injured employee while on duty."

Obviously a structural iron worker, even of many years' experience, might fall while walking a span fourteen inches wide, forty feet above the ground, but such workers usually maintain their equilibrium even at more dizzy heights. If the employer seeks to establish that intoxication was the sole cause of the accident the burden is upon him to offer substantial evidence from which reasonable persons would reasonably draw the inference (a) that the employee was drunk at the time of the accident; (b) that he fell owing to his drunkenness and was injured or killed. The duty of going on with the case then shifts to the claimant; the presumption in favor of the employee has been overcome and the question of cause of injury is one for the Board to decide on all the evidence in the case. The ultimate burden is on the employer to establish his defense. The Board should make a specific finding whenever the question becomes material.

A few words as to the meaning of the statute may be helpful in this connection. The People and the Legislature have indicated their purpose not to burden industry with the duty of compensating injured employees where it appears by substantial evidence that the intoxicated employee would not have been injured if he had been in possession of his normal faculties and no contributing cause appears. Doubtless many cases may be suggested where intoxication has little or no relation to the injury; where the sober and drunk are alike exposed to the risk. The greater the added danger from intoxication, the greater the duty to keep sober. If, in a perfectly safe place, the employee falls because he is drunk and injures himself, it is clear that the injury results solely from the intoxication, but it would be unreasonable to deny compensation only in such cases. Here death was due to the fall from the bridge girder, but if the fall was due solely to the intoxication of the employee the case does not come under the act. Without concerning ourselves with the proper conclusion to be reached on the facts in this case

we may state the rule of law as follows: If the Board reaches the conclusion on the evidence that Shearer was drunk at a place where if he fell he would probably be killed and that he fell owing to his drunkenness, compensation should be denied.

The award of the State Industrial Board and order of the Appellate Division should be reversed, with costs to abide event, and proceeding remitted to the State Industrial Board to make a finding on the question, Did the death of Shearer result solely from his intoxication while on duty?

HISCOCK, Ch. J., McLAUGHLIN, CRANE, ANDREWS.and LEHMAN, JJ., concur; CARDOZO, J., not voting.

Ordered accordingly.