In the Matter of the Claim of LEONORA SHEARER et al., Respondents, against THE NIAGARA FALLS POWER COMPANY, Appellant.

STATE INDUSTRIAL BOARD, Respondent.

Workmen's compensation — master and servant — intoxication as sole cause of accident — claim for compensation dismissed.

A claim under the Workmen's Compensation Law must be dismissed where the evidence points unerringly to the fact of intoxication as the sole cause of the accident.

*Matter of Shearer* v. *Niagara Falls Power Co.,* 217 App. Div. 812, reversed.

(Argued May 2, 1927; decided May 10, 1927.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the third judicial department, entered October 18, 1926, unanimously affirming an award of the State Industrial Board made under the Workmen's Compensation Law for the death of a foreman of ironworkers, who, while engaged in removing the steel work of a bridge, fell from a girder and was killed. Defendant claimed that the accident

resulted solely from the intoxication of the decedent while on duty. (See 242 N. Y. 70.)

*Clarence R. Runals* for appellant. There is no evidence supporting or tending to sustain the finding of the State Industrial Board that " William Shearer, the deceased herein, was not intoxicated at the time the accidental injuries were sustained by him and his death was not caused solely by intoxication." (*Matter of Lorchitsky* v. *Gotham Folding Box Company,* 230 N. Y. 8; *Matter of Eldridge* v. *Endicott, Johnson & Co.,* 228 N. Y. 21; *Matter of Woodruff* v. *Howes Const. Co.,* 228 N. Y. 276; *Matter of Hansen* v. *Turner Const. Co.,* 224 N. Y. 331; *Matter of Belcher* v. *Carthage Machine Co.,* 224 N. Y. 326; *Minerly* v. *Kingsbury Const. Co.,* 191 App. Div. 618.)

*Albert Ottinger,* Attorney-General (*E. C. Aiken* of counsel), for respondents.

*Per Curiam.* Order of Appellate Division affirming award of the State Industrial Board should be reversed upon the ground that the award is not supported by any evidence. The presumption arising from the provisions of section 21, subdivision 4, of the Workmen's Compensation Act (Cons. Laws, ch. 67) that death did not result solely from intoxication has been thoroughly and completely rebutted by the employer. The evidence points unerringly to the fact of intoxication and to intoxication as the sole cause of the accident. (*Matter of Case,* 214 N. Y. 199.)

The order of the Appellate Division should be reversed and the claim dismissed, with costs against the State Industrial Board in the Appellate Division and in this court.

CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN and O'BRIEN, JJ., concur; KELLOGG, J., not sitting.

Ordered accordingly.