Award reversed and matter remitted, with costs against the State Industrial Board.

In the Matter of the Claim of MARY C. PARRISH, Respondent, against PREMIER CABINET CORPORATION and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.

Third Department, November 13, 1930.

*Leonard & Brill* [*Robert H. Jackson* and *John S. Leonard* of counsel], for the appellants.

*Hamilton Ward, Attorney-General* [*E. C. Aiken, Assistant Attorney-General,* of counsel], for the respondents.

PER CURIAM. The record is devoid of evidence that this hopper, a part of an automatic coal stoker for a furnace, was or could be heated to such an extent as to cremate completely, within the given time, a man six feet four inches in height and weighing 214 pounds. There is no evidence that he did fall into the hopper or was cremated in it except that a charred shoe which looked like his, and which contained the burned remains of a human foot, was found on the floor near the hopper. Even the finding of the shoe near the hopper was proven by hearsay only. Assuming,

however, that this finding of cremation is not incredible, we think that, if he did meet his death in that way, intoxication was the sole cause of the accident. The presumption that death did not result solely from intoxication (Workmen's Compensation Law, § 21, subd. 4) disappeared in the face of substantial and undisputed testimony to the contrary. There is but one inference to draw, and that is that deceased, who was intoxicated when last seen, could not have fallen into this hopper and been cremated unless it was due to intoxication. We think there was no evidence to sustain the award.

The award should be reversed and the claim dismissed, with costs against the State Industrial Board.

HINMAN, Acting P. J., DAVIS, WHITMYER and HILL, JJ., concur; HASBROUCK, J., dissents and votes for affirmance.

Award reversed and claim dismissed, with costs against the State Industrial Board.