In the Matter of the Claim of ROSETTA SMITH, Respondent, against BENJAMIN B. WRIGHT COMPANY and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.

Third Department, May 13, 1931.

*E. C. Sherwood* [*William B. Davis* of counsel], for the appellants.

*John J. Bennett, Jr., Attorney-General* [*E. C. Aiken, Assistant Attorney-General*, of counsel], for the respondents.

VAN KIRK, P. J. The award is for death benefits made in an unwitnessed accident case. The deceased was found lying, in a railroad yard, beside his horse and truck. The employer's report states that he was " injured in regular occupation;" that he was " found lying on ground with head cuts horses near by." The Industrial Board has found that the injuries he sustained " were accidental injuries and arose out of and in the course of his employment." Had the evidence disclosed nothing further the award would have been properly made. (*Matter of Norris* v. *New York Central R. R. Co.*, 246 N. Y. 307.)

But in this case the employer offered substantial evidence that the deceased was intoxicated at the time of the accident; one witness says that he was stupid with drink. Thus the question whether his injuries resulted solely from intoxication was presented for the Board to decide on all the evidence. (*Matter of Shearer* v. *Niagara Falls Power Co.*, 242 N. Y. 70, 72.) In that case, on the first appeal, the claim was remitted to the Board to find whether or not the fall was due solely to intoxication and the Board found that it was not. On the second appeal (245 N. Y. 199) the Court of Appeals reversed the award upon the ground that this finding " is not supported by any evidence." In that case the accident was witnessed and the circumstances were found by the Board. In the instant case, while the accident was unwitnessed, it might have been inferred from the evidence that deceased fell from his truck, near which he was found lying. He was in a dazed condition when found and could not state what happened to him or how it happened. He said he did not know where he got hurt; " I may have slipped from the wagon;" also he said " he got it somewhere on the outside," meaning outside the yard. This hearsay is all the oral evidence as to how or where he was injured. The autopsy shows that the cause of death was a fracture of the sixth cervical vertebra, traumatic myelitis of cord, and acute inflammation of the bladder. The assistant examiner said there was " loss of power in lower extremities from trauma received from fall." These injuries could have been sustained by a fall from the wagon. There is some corroboration of the hearsay evidence that deceased may have slipped from the truck.

In *Matter of Mausert* v. *Albany Builders S. Co.* (250 N. Y. 21, 25) it is said that the cause of a fall from a truck " may be disregarded and the inquiry limited to an investigation to disclose whether the fall, having occurred, bore with it such consequences as would not have occurred except for the employment." " An apoplectic stroke or vertigo may be the proximate cause of the fall but it is surely a remote cause of the injury." " It is the fall and the injury resulting from it that constitutes an accident within the purview of the statute." So, again, if he fell from the truck, but for the question of intoxication, the award in this case could be affirmed.

If deceased fell from the truck solely because of intoxication, there could be no recovery. (Workmen's Comp. Law, § 21; *Matter of Daly* v. *U. S. Trucking Co.*, 248 N. Y. 515, affg. 221 App. Div. 808.) In that case this court said: " Assuming that the deceased employee was not intoxicated there is no explanation of what caused him to fall from the truck, nor any evidence that the accident

arose out of the employment." In the *Mausert Case* (*supra*, 23) the Court of Appeals explains its decision in the *Daly* case, saying " the fact is that we placed that decision upon the ground that no inference could fairly be drawn from the evidence except the conclusion that the injury resulted solely from intoxication." Nothing is disclosed in the autopsy in the present case indicating any physical or organic condition which would cause him to fall.

The Industrial Board has found that the injuries sustained by deceased " did not result solely from the intoxication of the injured employee while on duty." On this issue the burden was on the employer to offer substantial evidence from which a reasonable person would infer not only that the deceased was intoxicated at the time of the accident, but that his intoxication was the sole cause of his injury. (*Matter of Shearer, supra*, 73.) Section 21 of the Workmen's Compensation Law declares the presumption that intoxication was not the sole cause; the burden must be upon the employer to show the contrary; the claimant is not called upon, in the first instance, to prove the negative of a presumption in his favor. It is true the Board has not found that deceased was not intoxicated, but that is not the final question. Intoxication does not prevent an award. An employee may be injured while intoxicated and still the intoxication may not be the sole cause of the injury. If the deceased in this case received his injury by a fall from the truck, then, as in the *Daly Case* (*supra*), we may assume that no inference could fairly be drawn from the evidence in this record except that his injury resulted solely from intoxication. But the Board has not found how or whence he fell, nor is there proof in this respect other than that hereinabove referred to and we cannot say that such proof is conclusive. We do not think the Board could have found that the injury did not result solely from intoxication without having considered that the proof did not fairly establish how the accident happened. The Industrial Board is not required to make findings with the exactness required in a court of law. In *Matter of Sweeting* v. *American Knife Co.* (226 N. Y. 199) the claim was for serious facial disfigurement and the objection was that a finding that his facial disfigurement will diminish his earning power was not made by the Board. The court held that the capital fact upon which liability depends is the mutilated face; the presumption is that all relevant circumstances were weighed in assessing the damages. In the instant case the capital fact is that his injuries did not result solely from intoxication. We repeat that intoxication does not prevent an award. We may presume that the Board found that the employer, having failed to show how the accident happened,

had failed to furnish substantial evidence that intoxication was the sole cause of the injury. If this conclusion be justified it is not necessary to remit the case for a further finding; there is no reason to believe that further evidence can be presented.

The award should be affirmed, with costs to the State Industrial Board.

All concur.

Award affirmed, with costs to the State Industrial Board.