In the Matter of the Claim of JULIUS BRYNILDSEN, Respondent, against MT. VERNON NOVELTY CURTAIN Co., INC., and Another, Appellants.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, November 24, 1933.

*Ireland & Hendrickson* [*F. A. W. Ireland* of counsel], for the appellants.

*John J. Bennett, Jr., Attorney-General* [*Joseph A. McLaughlin* and *Hector A. Robichon, Assistant Attorneys-General,* of counsel], for the respondent.

McNAMEE, J.  The foregoing version of claimant's condition and acts, as given by the claimant himself and the doctors, stands undisputed and wholly unexplained, except by the bare denial of intoxication by the claimant.  Although concededly there were other persons who observed claimant's condition when he came into the hotel, and also while he was in the hospital, yet claimant testified to no fact indicating that he sought any of these as witnesses, or the evidence of the companion with whom he spent the night, and who drove claimant's car.  The Industrial Board did not find that the claimant was not intoxicated; and upon the foregoing evidence, and in the circumstances indicated, it would be indefensible to hold that the claimant was not intoxicated, as that condition is commonly understood, and as it is described in the common speech of people, and as the term is used in the Workmen's Compensation Law.

It is not questioned that there was an accident, but appellants contend, however, that the injury was occasioned solely by the intoxication of the claimant.  (Workmen's Comp. Law, § 10.) Respondents take the ground that the denial of the claimant that he was intoxicated at the time in question raised an issue of fact to be resolved by the Industrial Board, and that this court is foreclosed by the sixth finding that the injury was " not due solely to intoxication."  (Workmen's Comp. Law, § 20.)

At the outset of the proof the claimant could rely on the presumption that the injury did not result solely from intoxication (Workmen's Comp. Law, § 21, subd. 4); but when substantial evidence of intoxication was produced, the presumption disappeared, and it was the duty of the claimant to go forward with such proof

as would sustain his claim on that issue. (*Shearer* v. *Niagara Falls Power Co.*, 242 N. Y. 70.)

But it is urged that the claimant denied that he was intoxicated, and that thereby there arose a conflict in the testimony which was wholly within the province of the Industrial Board. We do not regard this position as sound. The issue claimed to exist did not relate to a mental process, or a subjective condition, to be determined on the mere statement of conclusions on the part of the claimant, but was one relating to pathology and physical fact, of which the symptoms were clearly objective. The claimant's statement that he was not intoxicated is the assertion of a mere conclusion. The claimant not only did not seek witnesses of his condition, nor explain his failure in that particular, but testified to no fact which would be evidence that he was sober. He did not even deny that his breath smelled of liquor, that his brain was muddled, that his tongue was thick, that his speech was inarticulate, that he was unable to give a history of the accident, or to communicate his own name intelligibly; he gave no evidence of his condition or acts at the hospital, and did not even deny that his conduct there was unseemly, or that of a drunken person, nor that he disturbed the other patients, nor that he was restrained in his bed with difficulty. The bare denial that he was intoxicated is not such evidence as will raise a question of fact when the evidence of facts, symptoms and circumstances to the contrary is abundant, clear and convincing, and the common facts from which the conclusion flows are not even disputed. The record contains no evidence that the claimant was not suffering from an excessive degree of intoxication. (*Matter of Case*, 214 N. Y. 199, 203, 204.)

And again, when the presumption had been rebutted, and the claimant had been required to go forward with his proof, the issue of intoxication then arose on *all* of the evidence. (*Shearer* v. *Niagara Falls Power Co.*, *supra*.) The clear and undisputed evidence, when taken together, was that the claimant was disorientated, and had lost his reasoning; and a mere denial of drunkenness by the victim of this condition, if it had any value, would not constitute substantial evidence to the contrary. The Court of Appeals has made it clear that it is not only the ultimate aim of investigation of claims under the statute " to ascertain the substantial rights of the parties," but also that there must be " a residuum of legal evidence " to support an award, and that this evidence must be " ' of a sound, competent and recognizedly probative character.' " (*Carroll* v. *Knickerbocker Ice Co.*, 218 N. Y. 435, 440.) The testimony of one shown to be excessively drunk does not meet this test of quality, even if it incorporated the necessary

facts; and upon the proof here, a holding that the claimant was not intoxicated would have been clearly against the evidence.

It is the finding of the Board, however, that claimant's injury was not due *solely* to intoxication, and this finding is based wholly on the statements of claimant that he was not intoxicated, and " slipped " on the snow. There is no proof whatever, and no fair inference can be drawn, that the claimant slipped because of the snow. While pedestrians do slip on snow, as on other surfaces, the great majority of people do not fall when walking on snow. And claimant did not know whether his fall occurred on the sidewalk or on the driveway, but presumably it was one or the other. In resolving contested questions the law of evidence, as well as the Workmen's Compensation Law, must proceed upon the theory of probabilities, and not of possibilities. The place in question was on a street in a large city, in the vicinity of a hotel which traveling salesmen patronized; and in the absence of proof to the contrary, it will be presumed that its surface was in good condition, and a safe place on which pedestrians might stand or step. And when one falls in such a place, while he is so intoxicated as to have lost the use of his mental faculties and the control of his person, it may not be held, without substantial proof of another cause, that the fall was not due to the intoxication. (*Shearer* v. *Niagara Falls Power Co.*, 242 N. Y. 70; 245 id. 199; *Parrish* v. *Premier Cabinet Corp.*, 256 id. 575.)

I recommend that the award be reversed, and the claim dismissed, with costs against the Industrial Board.

HILL, P. J., and BLISS, J., concur; RHODES and HEFFERNAN, JJ., dissent and vote to affirm on the ground that there was question of fact as to whether or not the injury was due solely to the intoxication of the claimant.

Award reversed and claim dismissed, with costs against the State Industrial Board.