In the Matter of the Claim of DEPARTMENT OF TAXATION AND FINANCE Arising Out of the Death of JOHN HAGGERTY, Respondent, against MARION DEPARMA and ÆTNA LIFE INSURANCE COMPANY, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Appeal from an award of the State Industrial Board noticed on April 27, 1937, and from decisions noticed on July 2 and August 3, 1937, affirming such award. The deceased was an employee, one of whose duties was to wash windows. This was commonly done on Saturday. The accident was unwitnessed. The decedent was found on the sidewalk under a window, on the sill of which rested his wash pail and equipment for washing windows. There is no question but that the decedent fell from the window where the pail was resting. The claim was contested on the ground that the decedent disobeyed the order of the manager of the employer when he started to wash the windows on the Saturday on which he was injured. The employer's first notice of injury signed by the owner of the premises, who was not present at the time of the accident, stated, " disobeyed orders." The employer's first notice made four days later and signed by the manager who was supposed to have given the order contained no such statement.

The manager stated that the decedent was under his direction, and that he thought the decedent had been drinking and told the decedent " there is no window cleaning today," and stated by way of explanation " it was a very cold day." In the talk the decedent told the manager that " it wasn't too cold " and the manager said to the employee " it is too cold, let them go to a warmer day." Whether this was an order within the meaning of the Workmen's Compensation Law was a question of fact, and the Board resolved it in favor of the claimant. On the question of intoxication, it was clear that the man had been drinking, but the work of washing windows was dangerous in character, and exposed him in doing it to the risk of bodily injury. The sober could fall as well as those intoxicated. The right to recover is prevented only when intoxication is the sole cause of the injury ( *Shearer* v. *Niagara Falls Power Co.*, 242 N. Y. 70–74), and the State Industrial Board has found that the death here was not due solely to intoxication. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, McNamee, Crapser and Bliss, JJ.