In the Matter of the Claim of HELEN GRABUSCH (Widow), and MARTHA GRABUSCH (Mother), of THEODORE J. GRABUSCH, JR., Deceased, Respondents, against WESTERN BEER CORPORATION and PUBLIC SERVICE MUTUAL CASUALTY COMPANY, INC., Appellants. STATE INDUSTRIAL BOARD, Respondent.— This is an appeal by the employer and insurance carrier from a decision and award of the State Industrial Board allowing compensation for death benefits to the widow of the deceased employee herein. The decedent had been employed as a truck driver by the Western Beer Corporation for one day. He was driving a truck hired by his employer from Kreeger's Garage. He came back at the end of his day's labor to his employer's premises which were located at 2 Baltic street, Brooklyn, N. Y., somewhere about nine-forty-five P. M. He went to the office to

check up for the day's business with the bookkeeper while his truck was unloaded by other workers at the plant. He finished checking out with the bookkeeper somewhere about nine-fifty P. M. There is no proof of the exact time in the record. His duty then was to take the truck back to the garage from which he had obtained it in the morning. The journey would have taken him somewhere from twenty to thirty minutes. He was not intoxicated at the employer's plant. At eleven-thirty-five, considerably later than he would have arrived at the garage in the ordinary course of events, he had an accident at Nostrand and Myrtle avenues, Brooklyn, which resulted in his death. He was driving the truck in a proper manner just before the accident as was testified to by a disinterested witness who observed the accident and the manner in which the truck was being driven just prior to the accident. He met his death instantaneously. The route he was on would have taken him to the garage which was his destination. There is no proof in the record of anything he did after he left the employer's place of business to the point of the accident. After his death an examination was made by a toxicologist who testified that the decedent's brain contained alcohol at the time of his death. From this evidence we are asked to draw the conclusion that he stopped somewhere between the employer's place of business and the garage and became intoxicated and, therefore, disregarded his instructions and had stepped out of his employment. The claim was decided solely on the ground that the accident resulting in the decedent's death arose out of and in the course of the decedent's employment. The evidence sustains such a conclusion and the award appealed from should be affirmed, with costs to the State Industrial Board. Award appealed from unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Crapser, Bliss, Heffernan and Schenck, JJ.