In the Matter of the Claim of THERESA A. MCKENNA, Claimant, against ATLAS CONTRACTORS EQUIPMENT CORP. et al., Respondents. WORKMEN'S COMPENSATION BOARD, Appellant.

Argued January 5, 1950; decided January 12, 1950.

*Nathaniel L. Goldstein, Attorney-General* (*Gilbert M. Landy, Wendell P. Brown* and *Roy Wiedersum* of counsel), for appellant. Decedent's death arose out of and in the course of his employment. (*Matter of Giliotti* v. *Hoffman Catering Co.,* 246 N. Y. 279; *Matter of Finnegan* v. *Biehn,* 276 N. Y. 50; *Matter of Pisko* v. *Mintz,* 262 N. Y. 176; *Matter of Bollard* v. *Engel,* 278 N. Y. 463; *Matter of Norris* v. *New York Central R. R. Co.,* 246 N. Y. 307; *Matter of Hoffman* v. *New York Central R. R. Co.,* 290 N. Y. 277; *Matter of Welz* v. *Markel Service, Inc.,* 296 N. Y. 640; *Matter of Martin* v. *Plaut,* 293 N. Y. 617; *Matter of Lynch* v. *City of New York,* 242 N. Y. 115.)

*Charles P. Barre* for respondents. Decedent's death was not the result of accidental injuries arising out of and in the course of the employment. (*Matter of Pisko* v. *Mintz,* 262 N. Y. 176; *Matter of Comr. of Taxation & Finance* v. *Brookshire Constr. Co.,* 251 App. Div. 761, 275 N. Y. 578; *Matter of Comr. of Taxation & Finance* v. *Fure,* 241 App. Div. 644, 264 N. Y. 678; *Matter of Daus* v. *Gunderman & Sons,* 283 N. Y. 459; *Matter of Doris* v. *National Biscuit Co.,* 214 App. Div. 827; *Matter of Fagan* v. *Simonsen,* 215 App. Div. 849.)

*Per Curiam.* There was evidence to support the conclusions of the Workmen's Compensation Board, first, that the fire originated from a source separate and apart from the employee;

second, that, since that was so, there was no question but that the death arose out of and in the course of the employment; and, third, that the employer and carrier had failed to establish that the injury and the ensuing death were " solely occasioned by intoxication of the  *  *  *  employee " (Workmen's Compensation Law, §§ 10, 21, subd. 4). We pass upon no other question.

The order of the Appellate Division should be reversed and the award of the Workmen's Compensation Board affirmed, with costs in this court and in the Appellate Division.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, DYE, FULD and FROESSEL, JJ., concur.

Order reversed, etc.