In the Matter of the Claim of ALICE SHANNON, on Behalf of Herself and Minor Children, Respondent, against AMERICAN CAN COMPANY, Appellant.

WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, September 19, 1951.

*Charles P. Barre* for appellant.

*T. A. Quinn* for claimant-respondent.

*Nathaniel L. Goldstein, Attorney-General* (*Gilbert M. Landy* and *Roy Wiedersum* of counsel), for Workmen's Compensation Board, respondent.

BERGAN, J. The sweeping, and negative, presumption of the New York statute that an industrial accident does " not result solely " from intoxication has not yet been tested on appeal in its application to a clear-cut case of the drunken driver of a vehicle. This appeal brings up such a case.

The decedent, driving a heavy tractor-trailer truck, made a left turn from 23rd Street northerly into 3rd Avenue in Brooklyn. He had entered the intersection slowly; the traffic-control signal light was in his favor. The turn made was a wide one, but having gotten in 3rd Avenue his course was " orderly ", in the language of a witness.

In 3rd Avenue about 100 feet from the intersection where the street was dark, the truck struck a passenger car which was standing without lights on blocks and then ran into a truck which was standing a little farther north. Decedent's vehicle turned

on its side and he was killed. On autopsy it was demonstrated that the liver contained alcohol " 3 plus — large amounts ". The undisputed medical testimony is that with this amount of alcohol in the liver there was an equivalent amount in the brain and that the decedent was intoxicated at the time of the accident.

Since the statute (Workmen's Compensation Law, § 21, subd. 4) uses the words of presumption that the injury did not result solely from " intoxication " the Legislature necessarily had the drunken employee in mind in writing the statute. And while this, like other presumptions, can be swept away in the wake of real evidence, this kind of a presumption is stated in terms of a negative absolute which makes it extremely difficult to meet literally.

If it is taken literally, just the way it reads, the presumption could only be overcome by showing: (a) there was intoxication; and (b) that intoxication had everything to do with, and no other factor had anything to do with, the injury.

This is a hard barrier to pass in a world where events usually have multiple causation, and nowhere is this more manifest than in the causation of motor vehicle collision. It would be an unthinkable burden, for instance, to attempt to administer the law of motor vehicle negligence if any " sole " test of causation had to be applied to make a case or meet a presumption.

The main cases in which the presumption against intoxication as a sole cause of industrial injury has been tested in the courts have been in accidents not involving the operation of motor vehicles, and usually caused by falls of one kind or another. The judicial mind has dealt with the presumption pragmatically by an implicit softening of the edge of " solely ".

The leading case is *Matter of Shearer* v. *Niagara Falls Power Co.* (213 App. Div. 844, revd. 242 N. Y. 70; appeal on rehearing 217 App. Div. 812, revd. 245 N. Y. 199). The employee was a foreman of ironworkers. He had been an ironworker for many years. While engaged in taking down a bridge he was walking on a span fourteen inches wide and forty feet above the ground. He lost his balance, fell, and was killed. He was intoxicated. The Industrial Board made an award which this court unanimously affirmed. The referee had found intoxication but reported that this was not the sole cause of the accident.

The board did not pass on the question whether intoxication was the sole cause of the accident. The Court of Appeals reversed and remitted the case to the board with instructions " to make a finding on the question " whether the death of the employee resulted " solely from his intoxication " (242 N. Y.

70, 74). The merits were not then reached, but the dictum of POUND, J., was that if the employer adduced evidence from which " reasonable " persons would " reasonably " infer that the employee was drunk and that the fall was " owing to his drunkenness " the presumption was to be deemed overcome. (P. 73.)

The effect of " solely " was not treated; and the test prescribed in the opinion was whether it was reasonable to infer that intoxication was a cause of the accident. A reasonable inference of causation, therefore, seemed to have been regarded as strong enough to meet a legislative presumption against sole causation.

On remission the board made the finding that intoxication was not the sole cause, which this court affirmed without comment (217 App. Div. 812). The reversal by the Court of Appeals was prompt and *per curiam* (245 N. Y. 199). The presumption, it was said, " has been thoroughly and completely rebutted by the employer ". The evidence " points unerringly to the fact " that intoxication was the sole cause of the accident. (P. 200.)

A few years later, in 1930, there came before this court a case in which an intoxicated night watchman-fireman was burned in a hopper. (*Matter of Parrish* v. *Premier Cabinet Corp.*, 230 App. Div. 529.) The only admissible inference, the court felt, was that intoxication caused his fall, and it reversed the award. There was affirmance (256 N. Y. 575).

Again in 1933, this court reversed an award and dismissed a claim in a fall-on-snow case where there was strong proof that claimant was drunk, met however, by claimant's own denial. (*Matter of Brynildsen* v. *Mt. Vernon Novelty Curtain Co.*, 239 App. Div. 566.) There was a stated reliance on the *Niagara Falls Power Co.* case, but the court was closely divided. The minority was of opinion that whether the injury was " solely " due to intoxication was a question of fact. (P. 570.)

These, as we have noted at the outset, were all cases involving falls. Perhaps the cause of a fall can be so subjective a thing and so completely within the influence of physical process that when it is not shown to be precipitated by outside causes it can readily be said in the case of a drunken person that intoxication is a " sole " cause. No such distinction is made in the opinions of the cases discussed, and it would not apply to the *Brynildsen* case because, of course, the snow was an element in the fall that would make it hard to say intoxication was the sole cause.

Seventeen years after the *Brynildsen* decision this court took a different view of a fall case in *Matter of May* v. *Accident and Cas. Ins. Co.* (276 App. Div. 1043 [1950]). There the decedent

had apparently fallen downstairs in the course of employment and died. The brain showed a three-plus content of alcohol, but this was held insufficient to overcome the presumption.. The accident was unwitnessed, however, which added something· of an additional presumption favorable to the claimant.

Another aspect of the operation of the presumption is in *Matter of McKenna* v. *Atlas Equipment Corp.* (300 N. Y. 317) also decided in 1950. The employee was a night watchman in a shanty provided by the employer. His death was caused by a fire. Autopsy showed three-plus alcohol in the liver. It was held that the evidence sustained the finding that he had not personally caused the fire and that the presumption that intoxication was not the sole cause of the accident had not been overcome. In *Matter of Landrum* v. *Congress Motor Corp.* (301 N. Y. 544) in which the award was upheld, there was no proof that the deceased employee who was shown to be intoxicated was the driver of the vehicle; and in *Matter of Grabusch* v. *Western Beer Corp.* (263 App. Div. 1027), which was also a vehicle case, intoxication was not relied on as a cause of the accident, but as some proof of deviation from employment.

This case differs from all those which have been discussed in that the driver in active control of the operation of a vehicle in collision is shown by the undisputed evidence to have been intoxicated. There may, of course, be cases of motor vehicle control where intoxication would appear to the reasonable mind the only cause and the presumption would· be deemed met as a matter of law. Here decedent was shown to have been driving slowly and to have obeyed the traffic lights. The precipitating factor in the accident was collision with a vehicle left on a dark street without lights.

We think it is not unreasonable for the board to conclude that this was a factor of the accident; and that even if it were greatly outweighed by intoxication as a cause it would be appropriate to apply the presumption, as the board did, and to bring the case within the statute.

The decedent was shown to have been on the way to the destination required by his work and the claim of deviation is not supported by the record. The decision and award should be affirmed, with costs to the Workmen's Compensation Board.

FOSTER, P. J., HEFFERNAN, BREWSTER and COON, JJ., concur.

Decision and award affirmed, with costs to the Workmen's Compensation Board.