In the Matter of the Claim of MARGARET REICHEL, Respondent, against STOKOL SALES OF NEW YORK et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision and award of the Workmen's Compensation Board, allowing death benefits on account of the death of the claimant's husband. The question raised is whether the death of the decedent was solely due to intoxication while on duty, within the meaning of section 10 of the Workmen's Compensation Law and section 18 of article I of the New York State Constitution. The decedent, a pipefitter's helper, was returning to the employer's premises from a plumbing job, with fellow employees in the employer's truck. The truck had an open stake body with a tarpaulin cover over the stakes. There was no tailboard at the rear of the truck and the back was open. While the truck was in motion, the decedent moved to the left rear part of the truck, where he stood up and proceeded to urinate onto the highway. While so engaged, he held on to a stake on the left side of the truck. The road curved to the right and as the truck followed the curve, the decedent lost his balance and fell off the truck. He died as the result of a fractured skull which he sustained when he struck the highway. The proof of the decedent's intoxication was overwhelming but, upon this record, the board was justified in finding that decedent's death did not result solely from his intoxication. The operation of the truck around the curve, throwing the decedent off balance and catapulting him onto the highway, was the immediate active cause of the decedent's injury. At most, the decedent's intoxication was one of the contributing factors in bringing about his injury; it was not the sole cause. Because of his intoxication, decedent placed himself in a dangerous position in which he would not have placed himself if he had been sober but his situation was a passive one and no injury would have resulted if an active force had not been brought to bear upon the situation by an independent human agency. This case is to be differentiated from a case in which an intoxicated person falls to his own injury, without the intervention of any other agency, or in which the intoxicated person is in control of the instrumentality which is the sole cause of his injury. (See *Matter of Shannon* v. *American Can Co.,* 278 App. Div. 546, motion for leave to appeal denied 303 N. Y. 1016.) Under subdivision 4 of section 21 of the Workmen's Compensation Law, there is a presumption that the injuries did not result solely from the intoxication of decedent while on duty. The presumption was not overcome by the proof in this case. Under the circumstances, the board's decision is supported by substantial evidence and must be affirmed. Award and decision unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ.