■ In the Matter of the Claim of ELEANOR SCOTT, on Behalf of Herself and Minor Child, Respondent, against GEORGE SCHAEFER & SONS, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by employer and its insurance carrier from a Workmen's Compensation Board decision and award of death benefits. The board properly found that the accidental injuries which resulted in decedent's death arose out of and in the course of his employment. Decedent was an outside salesman with no fixed hours of employment and no limitations as to his sales territory. He was accustomed to telephone his employer at intervals in the daytime and in the evening and there was evidence that he customarily called the fellow employee to whom he transmitted sales orders and from whom he obtained information as to prices and merchandise, two or three evenings each week at an hour later than that at which his fatal accident occurred. Thus the board was entitled to find that

the accident occurred within the time and space limits of the employment and was presumptively within the statute. (Workmen's Compensation Law, § 21; 1 Larson on Workmen's Compensation Law, § 10.32.) Further, the employer in its report of injury, in response to the question, "What was employee doing when accident occurred?", stated, "Traveling on sales route in automobile." The occurrence of an accident was not in dispute and the reference to a sales route constituted an admission which was in no way necessary to a complete answer, and evidenced some investigation and consideration of the fact. Consequently, we consider it of somewhat greater probative force than the form of "categorical admission" which we recently remarked upon as necessarily prompted by certain questions upon the official C-2 report. (See *Matter of Walker* v. *Great Lakes Motor Corp.*, 3 A D 2d 60.) The board was also warranted in finding that decedent's death "was not due solely to intoxication while on duty", within the meaning of section 10 of the Workmen's Compensation Law barring compensation in such case. Death ensued as the result of injuries sustained in an unwitnessed accident which occurred when decedent's automobile, operated by him, collided with the rear end of a tractor-trailer unit standing unattended on a public highway. The accident occurred after dark and the trailer was lighted. A police detective found upon the highway a skid mark which, in his opinion, was caused by decedent's Chevrolet automobile and "another set of skid marks evidently made by someone preceding or following, possibly, the operator of the Chevrolet, but those skid marks indicated that they had not been made by a car coming in contact". The board's memorandum decision refers to this evidence. A toxicologist testified to the presence in decedent's brain, upon autopsy, of .15% of ethyl grain alcohol which he designated as a 2 plus alcoholic case, the 2 plus group ranging from .1% to .25% and the alcoholic absorption found being sufficient to indicate intoxication in some degree. In our view, the board was justified in finding that the presumption that decedent's death did not result solely from intoxication (Workmen's Compensation Law, § 21 subd. 4) had not been overcome by substantial evidence. The cause of the vehicles' collision was doubtless a complex of various factors, even if no third vehicle was involved. Such "multiple causation" was recognized in *Matter of Shannon* v. *American Can Co.* (278 App. Div. 546) where the facts of the accident were somewhat more favorable to the claimant's case than here but the volume of alcohol consumed by the employee greater. We deem the decision in that case controlling here. Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ.