■ In the Matter of the Claim of EDITH VAN DE WATER, Respondent, v. EMMADINE FARMS, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— The employer and carrier appeal from a decision of the Workmen's Compensation Board which determined that the death of the employee did not result solely from intoxication. Decedent was a retail milk delivery man. On June 29, 1958, he was driving a delivery truck which he operated standing up immediately adjacent to an open sliding door which extended from the floor of the truck to the top. While proceeding on a straight level highway he fell from the open door to the pavement, striking his head and causing his death from a fractured skull. The truck immediately thereafter veered sharply to the right, went up a bank and overturned. Two witnesses who were following decedent's truck observed that he swayed back and forth from the center line to the edge of the highway prior to the accident, but at all times the truck remained in its own lane. On autopsy it appeared that deceased had 0.21% by weight of alcohol in his blood, which is medically considered sufficient to cause intoxication. Undoubtedly this record would have sustained a finding by the board that death was due solely to intoxication, but we do not think that on this record the board was compelled to so find. The board could find, as it did, that the proximity of the open door, the fact that he drove standing up, and other factors, were contributing causes to his death. (*Matter of Reichel* v. *Stokol Sales of N. Y.*, 282 App. Div. 903, affd. 308 N. Y. 671). Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Bergan, P. J., Coon, Gibson, Herlihy and Taylor, JJ.