■ In the Matter of the Claim of MARY McKAY, Respondent, v. REPUBLIC VANGUARD INSURANCE COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— STALEY, JR., J. Appeal by the employer and its insurance carrier from a decision of the Workmen's Compensation Board which affirmed

an award of death benefits to the widow and two minor children of George F. McKay. The decedent was employed as the District Manager of the employer, Republic Vanguard Insurance Company. He worked out of the Buffalo office and, as part of his duties, travelled to various cities in the State to supervise and consult with the employer's agents. On December 12, 1963, he was working in the Batavia and Rochester area calling on agents with Gary Hoffman, a special agent of the employer. Hoffman returned to Buffalo during the day and the decedent continued to work in the Rochester area making his last stop at about 5:00 P.M. to 5:30 P.M. The employer customarily paid all expenses for the decedent's transportation, lodging, meals and incidentals, and, in accordance with his usual practice, while on field trips away from his home office, the decedent procured lodging for the night at the Trenholm Motor Lodge in Henrietta, New York. At 7:00 P.M. and at 9:00 P.M., the decedent discussed business with Gary Hoffman in a telephone conversation, and arranged to meet the next day. At 6:30 A.M., on December 13, 1963, a fire occurred and completely destroyed the room occupied by the decedent, resulting in his death from " acute carbon monoxide poisoning and abrasive body burns." An autopsy performed upon the decedent revealed that there was .30 grams per cent of alcohol in the decedent's blood. An expert in toxicology testified that this concentration of alcohol was indicative that " the person on which these tests were done was highly intoxicated from the use of ethyl alcohol," and that " A person with that level of alcohol in the blood, if you take that one determination, would be staggering, unco-ordinated, very slow as far as reactions are concerned to any environment, and his thinking processes would be aberrant and very slow. He would not have anywhere near a normal reaction to his surroundings." The Workmen's Compensation Board concluded that the decedent's death was caused by fire of unknown origin and arose out of and in the course of employment. The appellants contend that the decedent's death did not arise out of and in the course of employment, but arose out of some careless or negligent act of the decedent while engaged in his own personal pursuits and that his self-inflicted, purely personal pursuit of intoxication left him immobile to react to any surroundings. There is no evidence in the record that the accident resulted from personal activities and that these activities caused the peril that resulted in the decedent's death. The record clearly establishes that the fire was caused by an unknown factor and was the cause of death. Nothing in the record indicates that the fire was caused by the intoxication of the decedent, or that his intoxication contributed to the fire. There is no proof that he had been smoking before the fire, or, in fact, that he was in the habit of smoking. On the other hand, there is no competent testimony on the condition of the wiring of the lamps in the room or of the wiring of the room itself. On this record, it cannot be held that intoxication was the sole cause for the decedent's accidental death, or that his activities constituted the peril that caused death. " The circumstance that he combined business with some pleasure would not defeat the claim, unless the accident resulted from risks produced by the personal activities." (*Matter of Pasquel* v. *Coverly*, 4 N Y 2d 28, 30.) Proven intoxication does not bar an award unless it is found to have been the sole cause of the accident. (Workmen's Compensation Law, § 21, subd. 4.) The acceptance of the appellants' theory of causation would vitiate this statutory provision. (*Matter of O'Connor* v. *Johnson & Johnson*, 12 A D 2d 846.) Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy and Reynolds, JJ., concur with Staley, Jr., JJ.