■    In the Matter of the Claim of LINDA P. BURTON, Respondent, v. BROAD-CAST MUSIC, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— GIBSON, P. J. Appeal from a decision of the Workmen's Compensation Board which awarded death benefits on account of the death of claimant's husband, found by the board to have been due to smoke inhalation

and burns of the body caused by a fire of unknown origin which occurred in the hotel suite occupied by him in Vancouver, British Columbia. The suite included decedent's sleeping room and the parlor in which he was found dead; and was used for meetings and conferences in connection with the business activities of decedent's corporate employer which decedent, the company's president, had come to Vancouver to conduct. Apparently, decedent had been alone for some few hours after the departure of one of his associates, who had remained with him following a business meeting in the suite; and, so far as appears, there was no other witness to the events leading to his death. Appellants' sole contention upon this appeal is that "the death was the result of the personal acts of the decedent, unrelated to his employment." Necessary to this contention is the unproven conjecture or conclusion of the Vancouver chief fire warden that " [w]e presumed [the fire] was caused by a cigarette, or some smoking material, getting between the arm of the chair and the cushion." In sum, appellants argue that decedent had earlier ingested alcohol and a barbiturate and that as a result of a fire started by tobacco smoking, "the decedent, unconscious because of the drugs and the alcohol, did not remove himself from the burning chair, and therefore, met his death as a result of the combination of the alcohol, the barbiturates, the burns and asphyxiation." Appellants cite as "in point and controlling" the decision in *Matter of Pisko* v. *Mintz* (262 N. Y. 176). In our view, affirmance of the board's purely factual determination is required upon the authority of *Matter of McKay* v. *Republic Vanguard Ins. Co.* (20 N Y 2d 884) and *Matter of McKenna* v. *Atlas Contrs. Equip. Corp.* (300 N. Y. 317). Each case is closely parallel to this, the *McKay* case notably so, except that in each case the evidence for disallowance of the claim seems stronger than here; and in each case the employer and carrier unsuccessfully urged, as did appellants here, the controlling effect of *Matter of Pisko* v. *Mintz* (*supra*). The board was not bound to adopt the fire warden's unproven assumption that tobacco smoking caused the fire and certainly was not required to reach the additional assumption that decedent's smoking was the causative act, an assumption that the fire warden did not make, and one which is not supported by proof or inference — or at least by any that the board was required to accept — that decedent was accustomed to smoke. Decision affirmed, with one bill of costs to respondents filing briefs. Gibson, P. J., Reynolds, Aulisi and Gabrielli, JJ., concur in memorandum by Gibson, P. J. Herlihy, J., dissents and votes to reverse in the following memorandum. Herlihy, J. (dissenting). The appellant contends that the fire resulted from a personal act of the decedent, which act was not work-connected. Essentially the issue is whether or not the finding of the board that the fire was of an "unknown origin" is supported by substantial evidence within the meaning of *Matter of Pisko* v. *Mintz* (262 N. Y. 176). It would seem beyond argument that there is a vast difference between the place of origin of a fire and its precise cause or source. The significance of the place of origin in *Pisko* (*supra*) was that the record did not establish any causal connection between the nature of condition of the residence and the place in which the fire originated. The court, in *Pisko* (*supra*), noted (pp. 179–180): "The danger was in no way connected wth the particular apartment or place that Pisko was obliged to occupy under the terms of his employment. The fire was not occasioned by reason of the place or any danger surrounding the apartment. Something ignited the bedding but there is no claim and no proof that the nature or condition of the apartment had anything to do with causing the fire. The only reasonable inference to be drawn is that Pisko, the only person present, through some act of carelessness

or negligence of his own not connected with or arising out of his employment, set fire to his bedding, an act for which the employer would not be liable under the Workmen's Compensation Law." The court concluded that as a matter of law the source of the fire must have been solely the employee. In *Matter of McKenna* v. *Atlas Contrs. Equip. Corp.,* (300 N. Y. 317) the board apparently found that the fire did not *originate* in the bed of McKenna and the court found that there was substantial evidence in the record to support the conclusion. Notably, there was a heating stove which McKenna was permitted to light and use in occupying the premises and the only burns on McKenna were upon his right wrist. In *Matter of McKay* v. *Republic Vanguard Ins. Co.* (27 A D 2d 607, affd. 20 N Y 2d 884) the entire room accommodations were destroyed by fire and there was no evidence from which it could be found that the fire originated in any particular place. In that case the insurance carrier argued that the alcoholic content of the decedent's body required a finding that his alcoholism either caused the fire by resultant carelessness or it prevented his escape from the premises by rendering him unable to protect himself. The unknown origin of the fire in the *McKay* case (*supra*) was significant only to the extent that there could be no inference that the fire was unrelated in source to the sleeping accommodations. It does appear that as a result of the *McKay* case (*supra*) the board may presume that the fire was related to the sleeping accommodations where the fire is of an unknown origin and there is no other direct evidence that the decedent was the source of the fire. It appears that the place of origin of a fire in cases such as this is simply a fact which, if established, may infer that the decedent was the source or cause of the fire. The place or origin is not a legal proposition requiring either an award or the refusal of an award, but quite simply is a fact from which inferences may be drawn. In the present case the record conclusively establishes the portion of the suite in which the fire originated. The most reliable evidence is that of the Chief Fire Warden who qualified as an expert and based upon the facts, opined that the fire originated in a chair and stated "There was nothing else around that would cause a fire". There was nothing about the environment into which the employee had been brought that caused the act to be work-connected. (See *Matter of Kaplan* v. *Zodiac Watch Co.,* 20 N Y 2d 537, 540.) The Chief Fire Warden also submitted to the coroner on behalf of the Vancouver Fire Department a written report of its investigation as to the fire and its cause. The actual fire was confined to the chair, the carpet beneath it and the drapes behind the chair and the only reasonable inference to be drawn from the testimony is that the fire was caused by some act of carelessness or negligence on the part of the decedent which was not work-connected. Upon the present record, the origin of the fire is not in the least unknown and, accordingly, the board has made an erroneous conclusion of fact and of law. The burden of proving the cause of the fire was the responsibility of the claimant. Where there is no direct evidence of the precise cause or source of the fire, but the area of origin is known, a presumption that the fire was the result of the environment does not arise until there is some proof as to environmental conditions in the area of origin which could reasonably be said to be the cause of the fire. On the present record there is no basis in fact or law for the board's finding of "unknown origin" nor is there any premise for the finding that the decedent was supposed to be on 24-hour duty. I do agree that the record does not support a finding of death due solely to intoxication, as noted in the board's decision, but the proof was not offered for that sole purpose. It was offered in furtherance of the contention that the unfortunate death of the decedent was not work-connected.

(*Matter of Pisko* v. *Mintz, supra,* p. 180.) The decision of the board should be reversed and the matter remitted for further proceedings not inconsistent with this memorandum.