**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

BETHLEHEM STEEL CORPORATION,
Petitioner,

v.

THOMAS O'HAGAN; DIRECTOR, OFFICE

No. 96-2604

OF WORKERS' COMPENSATION
PROGRAMS, UNITED STATES
DEPARTMENT OF LABOR,
Respondents.

On Petition for Review of an Order
of the Benefits Review Board.
(94-2907)

Submitted: August 29, 1997

Decided: September 24, 1997

Before HALL, WILKINS, and HAMILTON, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Michael W. Prokopik, Joseph M. English, IV, SEMMES, BOWEN &
SEMMES, Baltimore, Maryland, for Petitioner. Jacob Yosef Miliman,
D'ALESANDRO & MILIMAN, P.A., Baltimore, Maryland, for
Respondents.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Bethlehem Steel Corporation ("Bethlehem Steel") petitions for
review of an order of the Benefits Review Board ("BRB"). The BRB
summarily affirmed the decision of the Administrative Law Judge
("ALJ") that O'Hagan's injuries were compensable under the Long-
shore and Harbor Worker's Compensation Act ("LHWCA"), 33
U.S.C.A. §§ 901-950 (West 1986 & Supp. 1997), and not barred by
his intoxication.* We affirm.

O'Hagan filed a claim under the LHWCA, claiming injuries in the
course of his employment. Bethlehem Steel contested the claim under
§ 903(c) of the LHWCA, which prevents an employee from receiving
compensation for injuries caused solely by that employee's intoxica-
tion. The ALJ determined that Bethlehem Steel failed to rebut the pre-
sumption that intoxication was not the sole cause of the accident. See
33 U.S.C.A. § 920(c).

An employer has the burden to rebut the presumption that intoxica-
tion was not the sole cause of an employee's injuries with substantial
evidence to the contrary. See Sheridon v. Petro-Drive Inc., 18 BRBS
57, 59 (1986).

_____

*The BRB did not address the appeal on the merits. On September 12,
1996, the BRB sent the parties a notice stating that pursuant to the provi-
sions of Public Law Number 104-134, enacted on April 26, 1996, all
appeals to the BRB relating to claims under the Act were deemed to have
been affirmed if the case had been pending before the BRB for one year
by September 12, 1996. Because Bethlehem Steel's appeal met these
criteria, the BRB informed the parties that the ALJ's decision had been
effectively affirmed by the BRB on September 12, 1996, for purposes of
their right to obtain review in this Court.

> If the employer seeks to establish that intoxication was the sole cause of the accident, the burden is upon him to offer substantial evidence from which reasonable persons would reasonably draw the inference (a) that the employee was drunk at the time of the accident; (b) that he fell owing to his drunkenness and was injured.

Id. (quoting Shearer v. Niagara Falls Power Co., 150 N.E. 604, 605 (N.Y. 1982)). Where the employer presents substantial evidence to rebut the presumption, the presumption falls from the case. See Walker v. Universal Terminal & Stevedoring Corp., 645 F.2d 170, 173 (3d Cir. 1981). However, proof of intoxication alone is insufficient, even if the employee's intoxication is the primary cause of the injury. See Birdwell v. Western Tug & Barge, 16 BRBS 321, 323 (1984).

Bethlehem Steel offered uncontroverted expert testimony that O'Hagan was drunk at the time of his accident, but failed to proffer substantial evidence showing that O'Hagan's intoxication was the sole cause of his accident. An expert witness, testifying for Bethlehem Steel, stated that intoxication could be construed as the sole cause of O'Hagan's injuries, but stated that he did not study the scene of the accident, nor had he seen the site of the accident. On cross-examination, the expert witness opined that while intoxication could be the sole cause of the injury, it also could not be the sole cause of the injury. Thus, the testimony offered at the hearing to rebut the § 920(c) presumption was neutral at best. Bethlehem Steel did not offer any direct proof that O'Hagan's intoxication caused him to fall, but merely showed that his intoxication may have caused his fall. Therefore, Bethlehem Steel did not proffer substantial evidence necessary to rebut the presumption. See Shelton v. Pacific Architects & Engineers, Inc., 1 BRBS 306 (1975) (hypothetical on how intoxication may have logically caused accident was insufficient to rebut § 920(c) presumption). Accordingly, we affirm the BRB's order.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED